MARY AND JOHN ARTHUR FANNING, BY PATRICK FANNING, THEIR NEXT FRIEND, Respondents, v. GODFREY VOELKER, Appellant.

*Landlord and Tenant — Assignee — Possession.*— The assignee of the landlord by deed may recover, under a landlord's warrant, possession of the premises demised upon making demand of the rent due and exhibiting to the tenant in possession the deed under which he claims title—R. C. 1855, p. 1018.

*Appeal from St. Louis Circuit Court.*

*Jecko & Clover*, for appellant.

*Cline & Jamison*, for respondents.

FAGG, Judge, delivered the opinion of the court.

A minute examination of all the points raised in this case is not deemed necessary ; they seem to be rather technical than otherwise, and substantial justice between the parties does not require that they should be discussed at any considerable length.

This action was instituted before a justice of the peace in the city of St. Louis, under the provisions of the act relating to landlords and tenants—R. C. 1855, ch. 94. The property is described as lots 38, 39 and 40, situated on Hickory street in said city. Mary Fanning is alleged to be the owner of lot No. 38, and John Arthur Fanning, who is a minor and who sues by his next friend, Patrick Fanning, owns the remainder, the improvements being partly on both of the lots numbered 38 and 39. This case, in due time and by regular steps, passed from the justice's court to the Circuit Court for St. Louis in special term and thence to the general term,

the judgment being for the plaintiff at each trial. It is now here by appeal. Upon the trial in the Circuit Court, a motion was made to dismiss the cause on account of the insufficiency of the complaint filed. This was overruled and excepted to ; but all that is really material in this motion may be noticed in considering the refusal of the court to give the instructions asked by defendant. No questions of law were raised and no exceptions taken to the testimony. At the conclusion of the plaintiffs' testimony, the counsel for defendant asked the court, sitting as a jury, to declare the law to be that plaintiffs were not entitled to recover upon the proofs made.

We think the court committed no error in refusing the instruction. The law only required that the plaintiff should show on the trial that " the party in possession rented or leased from a party claiming title to the premises by deed, and that the plaintiff has acquired the title of the original lessor by a deed or deeds regularly acknowledged." — R. C. 1855, p. 1018, § 40. The testimony of the plaintiffs, whether it amounted to positive proof of each and every one of these facts, is a matter of no consequence. It tended to prove all, and upon that the court found its verdict. It cannot be asked of this court to weigh the evidence. No proof was made by the defendant to controvert or vary the effect of any testimony offered by the plaintiffs. No witness was summoned in behalf of the defence at all, and there really seems to have been little or no controversy about the facts in the case. The testimony of John Knapp showed that the defendant was in possession under a lease from the parties that had owned the property at some time before it was conveyed to Knapp and Paschall and which had expired. The fair inference from his testimony, though not stated in so many words, was that it had been rented by them to the defendant again for a fixed sum. The defendant had admitted the amount of rent stated in the account to be correct, and the fact that the plaintiffs had acquired the title and that the defendants had notice of it could not be seriously questioned.

The plaintiffs' deeds are not preserved in the bill of exceptions, but seem to have been before the court at the trial, as they were shown to one of the witnesses and identified as the same that were exhibited to the defendant when the rent was demanded of him. The fair presumption must be that they were regularly acknowledged and held to be sufficient by the court to prove the facts required by the statute.

The finding was for the right party, and the judgment will be affirmed. The other judges concur.